IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EUGENIA BOTTA and GEORGE BOTTA, | * |
| Plaintiffs, | * |
| vs. | * |
| CITY OF HAMILTON, GEORGIA; HARRIS COUNTY, GEORGIA; and MIKE BROWN, *in his official capacity*, | *   CASE NO. 4:18-CV-39 (CDL) |
| Defendants. | * |

O R D E R

This case arises from a bicycle accident on a bridge between Hamilton, Georgia and unincorporated Harris County. Plaintiffs sued the City of Hamilton, Harris County, and Mike Brown, Harris County's public works director, in his individual and official capacities. The Court previously granted summary judgment in favor of Harris County and Brown based on sovereign and official immunity. The Court denied the City's motion for summary judgment based on statutory immunity. *See generally* Order (May 16, 2019), ECF No. 61. Presently pending before the Court are the County and Brown's motion for entry of final judgment (ECF No. 62), the City's motion for reconsideration (ECF No. 63), and the City's motion for an interlocutory appeal (ECF No. 64).

Federal Rule of Civil Procedure 54(b) provides that in actions involving multiple defendants, "the court may direct entry of a

1

final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Here, there is no reason to delay entry of final judgment for the County and Brown. These Defendants are entitled to summary judgment regardless of how the remaining issues in the case are resolved. Accordingly, that motion (ECF No. 62) is granted, and the Clerk shall enter final judgment in favor of the County and Brown.

Next, the City insists that the Court erred by finding a jury question as to whether it owned the bridge where the accident occurred and whether it agreed to maintain the relevant portion of the bridge. The City asks the Court to reconsider these rulings or to certify the issue of what constitutes "department records" for interlocutory appeal. Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam).

Additionally, 28 U.S.C. § 1292(b) permits this Court to certify an order for interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The Court previously considered and rejected the same arguments the City presents in its reconsideration motion. *See* Order 6 n.1 (May 16, 2019), ECF No. 61 (addressing arguments regarding "department records"); *id*. at 6-7 (finding jury question regarding whether City agreed to maintain road). The Court declines to reconsider these issues at this time or to certify the "department record" issue for interlocutory appeal. Accordingly, the City's motions (ECF Nos. 63 & 64) are denied.

IT IS SO ORDERED, this 14th day of June, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA